STATE, *ex rel.*, TEBO & NEOSHO R. R. Co., *et al.*, Respondents, *vs.* THE COUNTY COURT OF BATES Co., *et al.*, Appellants.

1. *Railroads—County Courts—Subscription of stock—Mandamus to compel will not lie after completion of road, etc.*—Under the Act of March 23rd, 1868, (Adj. Sess. Acts 1868, p. 92) mandamus would not lie on behalf of a railroad company or tax-payers of a township to compel the County Court to subscribe stock to the railroad after the same had been fully completed through the township. The company could have no legal interest in the subscription until actually made and accepted by it; and so far as the county was concerned, the authority to make the subscription ceased as soon as the road was completed through the township. It was not contemplated by the above act, that townships should be allowed to take stock in roads already built.

*Appeal from Benton Circuit Court.*

*Waldo P. Johnson,* for Appellants.

I. The Act of March 23rd, 1868, does not form any part of the railroad charter, and was never accepted by the company as such, and the township had no legal right or authority to become a stockholder in the road.

II. The railroad has been completed; and hence, the proceeds of the bonds cannot be appropriated in said township as the road progressed.

*La Due & Fyke,* for Respondent.

I. If it appears from the return of the election that no less than two-thirds of the qualified voters of a township voting at such election are in favor of the subscription, it shall be the duty of the County Court to make the subscription. (Wagn. Stat., 313, § 51.)

II. Any County Court on refusing to perform any of the duties required of them by this chapter, may be proceeded against by writ of mandamus, to be sued out of the Circuit Court of the County. (1 Wagn. Stat., § 22, p. 306.)

ADAMS, Judge, delivered the opinion of the court.

This was an application for a mandamus which originated in the Bates Circuit county, and was taken by change of venue to the Circuit Court of Benton county.

The Tebo and Neosho Railroad Company and some fifteen tax-payers of Prairie City township, in Bates county, are the relators, and as such ask for a mandamus to compel the County Court of Bates county to subscribe twenty-five thousand dollars to the capital stock of said railroad company on behalf of the township, and to issue bonds of the township in payment thereof. The following facts are alleged in the petition which was presented and filed at the March adjourned term for the year 1871, of the Bates Circuit Court.

In February, 1869, more than twenty-five tax-payers, residing in Prairie City township, in Bates county, under and in pursuance of the act of the Legislature of the 23d of March, 1868, petitioned the County Court of Bates county to cause an election to be held in the township to take the sense of the voters on the question whether there should not be subscribed to the capital stock of said railroad company for said township, twenty-five thousand dollars to be paid for in the bonds of the township, the subscription to be made with the condition that the railroad company should build the railroad through the township, the proceeds of the bonds to be expended in building the road within the township, and to be issued as the work progressed. The County Court did, in pursuance of this petition, order the election, which was held on the 9th of March, 1869, and resulted in ninety votes for and three against the proposed subscription, which were more than two-thirds of the qualified voters, as alleged in plaintiffs' petition.

After this election was held, the railroad company built and completed their railroad through Prairie City township, and it went into full operation, running its cars each way regularly through the township and has ever since continued to do so, and expended in the township in building the road more than the sum of one hundred and fifty thousand dollars.

After the road was thus completed and in full operation through said township, the railroad company applied to the County Court of Bates county to subscribe the twenty-five thousand dollars to the capital stock, which had been voted

by the township, and the court refused to make the subscription and to issue the bonds of the township as demanded by the company.

Afterwards, in 1871, this application for a mandamus was made to the Circuit Court of Bates county, and an alternative mandamus was issued, and the County Court filed its return. After the case went to Benton county the plaintiffs filed a motion to quash the return, which was sustained, and the defendants excepted and offered to file an amended return, but the court refused to permit it to be filed and ordered a preemptory mandamus. The defendant filed a motion to set aside this judgment which the court overruled, and the defendants excepted and filed bond, etc., for an appeal, which was granted; and the case is standing here on this appeal, which operates as a *supersedeas*. From the view that I take of this case it is unnecessary to set out the return of the defendants, which was quashed by the court, or to pass upon the points raised and discussed in the briefs of counsel, growing out of the defense set up in the return.

It is manifest from the facts set forth in the petition for the mandamus, that the relators have no standing in court. Certainly the railroad company could have no legal interest in the proposed subscription to their capital stock, until it was actually made and accepted by the company. The result of the election invested the company with no legal interest. It only authorized the County Court to make the subscription which the railroad company might or might not accept at their option.

But although the County Court was invested with authority to make the subscription, it was not made; nor was it demanded till long after the road had been constructed and in full operation through the township. The authority to make the subscription ceased as soon as the road was completed through the township. It was not contemplated by the act of the Legislature of 1868, that townships should be allowed to take stock in roads already built. As the road through the township was an accomplished fact, the very object of the

proposed subscription had been realized without such aid before the application was made to the county court to exercise the power given by the vote of the township. The tax-payers have no standing to maintain this proceeding. If they ever had, it certainly ceased when the road had been completed through the township. What benefit would it be to the tax-payers to become stockholders in the railroad company? There is nothing in the record to show that the stock is worth anything; and whether it is worth much or little, in my judgment the authority for making the subscription had ceased before the application was made.

Let the judgment be reversed and the petition dismissed. The other judges concur in the result.